# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| FANT'S, INC., an Alabama corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  4:17-cv-_____ |
| | ) | |
| FRANKENMUTH MUTUAL INSURANCE COMPANY, a foreign corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Fant's, Inc. (hereinafter referred to as "Plaintiff"), complaining of Defendant, Frankenmuth Mutual Insurance Company ("Frankenmuth"), and file this Plaintiff's Original Complaint and Jury Demand, and in support of its Complaint, would respectfully show the Court the following:

## I.
## PARTIES

1.	Plaintiff, Fant's, Inc. ("Fant's") is an Alabama Corporation with its principal office located at 355 Gunter Avenue, Guntersville, AL 35976.

2.	Based upon information and belief, Frankenmuth Mutual Insurance Company ("Frankenmuth") is a foreign corporation, incorporated in the state of Michigan and licensed and authorized to conduct the business of insurance within the State of Alabama. Its principal office is located at One Mutual Avenue, Frankenmuth, Michigan, 48787.  Frankenmuth may be served with

process by serving its registered agent: CT Corporation System, 2 North Jackson Street, Suite 605, Birmingham, AL 36104.

## II.
## VENUE AND JURISDICTION

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Plaintiff is a corporation doing business in Guntersville, Alabama at all times relevant to this case; all activities alleged herein occurred in Marshall County; and Frankenmuth is licensed to transact business in the State of Alabama.

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interests and costs. Defendant Frankenmuth is a corporation incorporated and domiciled in Michigan and does not have its principal place of business in Alabama. Plaintiff is a citizen of Alabama.

5. All of the acts described in this Complaint occurred in the State of Alabama under Alabama law, and involve an insurance policy governed by Alabama law.

## III.
## FACTUAL ALLEGATIONS

6. This is an insurance case arising from Frankenmuth's refusal to provide full benefits to Plaintiff based on Frankenmuth's inadequate investigation, and misrepresentations regarding coverage and the proper interpretation of the policy of insurance at issue.

7. Plaintiff brings this action seeking economic and non-economic damages related to Frankenmuth's breach of contract, bad faith breach of insurance contract, and common-law bad

2

faith, arising from Frankenmuth's failure to properly investigate Plaintiff's claim, Frankenmuth's misrepresentations to Plaintiff regarding the damages and coverage, and Frankenmuth's intentional decision to wrongfully deny Plaintiff's claims.

8. Plaintiff sought and obtained Insurance Policy Number CPP6315224 to insure Plaintiff's property located at 348 Blount Avenue, Guntersville, AL, and Policy Number BOP6315224 to insure Plaintiff's properties located at 355 Gunter Avenue and 2420 Taylor Street, Guntersville, Alabama. The Policy period for both policies was from February 26, 2016 to February 26, 2017. These policies were renewed for February 26, 2017 through February 26, 2018. At all material times, Plaintiff was insured by Frankenmuth. Plaintiff invested in this insurance product and service from Frankenmuth for coverage intended to protect the Properties from certain property and casualty perils, including windstorm and hail.

9. Plaintiff purchased coverage benefits from Frankenmuth by making premium payments to Frankenmuth for these benefits.

10. In exchange for the premiums paid by Plaintiff, Frankenmuth promised to perform according to the terms and provisions of the Policy.

12. Frankenmuth agreed to pay for direct physical loss or damage to the Properties caused by risks of direct physical loss or damage unless otherwise limited or excluded and to pay all amounts owed for such losses. In other words, these were "all-peril" policies, that also included windstorm and hail as "specified causes of loss" specifically insured against.

13. On or about June 1, 2016, August 1, 2016, and June 22, 2017, each during a period where a Frankenmuth Policy was in effect, severe wind and/or hail storms occurred at Plaintiff's Properties resulting in significant damage to those Properties.

14. The damage to the Properties from the storms constituted covered losses under the Policy.

15. In accordance with the Policy, Plaintiff properly reported the covered losses and damage to Frankenmuth and made claims for the loss and damage to the Properties. Claim Numbers 000100276057-076 was assigned to the August 1, 2016 damages to 2420 Taylor Street, 000100275599-076 was assigned to the August 1, 2016 damages to 355 Gunter Ave, 000100276058-076 was assigned to the June 1, 2016 damages to 348 Blount Ave, and 000100320664-536 was assigned to the June 22, 2017 storm, which further damaged all properties.

16. Adjuster David K. Fife was assigned the 2016 claims, and Robert Rowden was assigned the 2017 claim.

17. Defendant Frankenmuth assigned Donan Engineering to investigate and inspect the properties relating to the damages following the 2016 storm events. Donan issued reports dated 10/25/2016 and 10/27/2016. A review of these reports reveals that Donan Engineering conducted an insufficient investigation as to Plaintiff's losses, and instead sought to either minimize the damages present, or to attribute causes to those damages that Donan knows would not be covered under the applicable policies of insurance. A reasonable investigation would have revealed that Plaintiff's properties were in fact damaged by the storm events, and that the causes of the damage was not "collapse" as Donan indicates in its reports, parroted by Frankenmuth in its denial letters, but was instead the result of a severe wind/hail storm.

18. Donan Engineering failed to conduct a proper or adequate investigation of Plaintiff's losses. Frankenmuth's blind acceptance of these reports, when a detailed review would have revealed this inadequacy, demonstrates that Frankenmuth did not conduct a reasonable

investigation, but instead saw only an opportunity to blame the damages on unrelated and excluded causes and save money by denying Plaintiff's claim.

19. In fact, in one instance Donan engineering reported that the roof on 2420 Taylor street was damaged "as the result of a wind event that would not be capable of damaging a competent built-up roof." Relying on Donan's determination that the roofs were old, worn and torn, or otherwise improperly constructed, Frankenmuth relied on the policies "wear and tear" exclusion to deny the claim. A review of the policy, however, reveals that this is a misrepresentation of the policy's coverage. In fact, the policy provides that while wear and tear, rust, or deterioration are themselves excluded perils, *if* that worn and torn, rusted, or deteriorated condition *results in* a specified cause of loss, then those damages are in fact covered. Wind is a specified cause of loss in the policy. Therefore, wind damages to a worn and torn or deteriorated roof are covered under Frankenmuth's policy even if but for the wear and tear, the wind would not have been strong enough to cause the damage. Their position to the contrary is a misrepresentation of the policy's coverage. A review of the policy indicates that this is so, which means that Frankenmuth knew this to be the case and denied anyway, or denied the claim with reckless disregard to the actual policy language.

20. Moreover, with regards to the 348 Blount property, Donan Engineering reported to Frankenmuth that the roof was a slate roof, which Donan explained has a reputation for longevity and durability, and also according to Donan, can last well over 200 years. Donan then, without explanation or evidence, comes to the conclusion that while generally slate roofs are incredibly durable, these *particular* slate roofs have reached the end of their useful life and are deteriorated. They reach this conclusion despite their own reporting that the roofs had been replaced in portions

recently, and the slate material is among the most durable roof coverings in use. Instead of seeking additional explanation as to why these *particular* roofs seem to be the exception to the rule, and instead of being damaged in the storm events were merely deteriorated to the end of their useful life, Frankenmuth again blindly relied on the unsupported conclusions of Donan Engineering. Frankenmuth conducted no further analysis into the conclusions drawn by Donan, and merely denied the claim without further review. A reasonable analysis and thorough investigation would have compelled the opposite conclusion, that the slate roofs were in fact damaged by the storm event. Frankenmuth's failure to adequately and reasonably investigate the loss resulted in Frankenmuth's wrongful denial of Plaintiff's claims.

16. After opening claims with Frankenmuth, Frankenmuth was provided with proof that these claims were the result of covered damages, and policy benefits were owed to Plaintiffs.

17. Rather than properly investigate, adjust, and pay for the damages to Plaintiff's Properties pursuant to the terms of the Policy, Frankenmuth unreasonably delayed and denied payment of covered policy benefits, and misrepresented policy coverages.

18. Plaintiff has and continues to suffer damages, including, but not limited to unpaid covered policy benefits unreasonably delayed and denied by Frankenmuth, consequential damages in the form of lost business revenue, as well as temporary repairs to attempt to mitigate further damages. Plaintiff was also forced to obtain new insurance, who is now requiring additional measures to address the roof damages that should have been paid for by Frankenmuth. These additional repairs represent further consequential damages owed to Plaintiff by Defendant.

19. Frankenmuth refused to properly adjust the losses and thereby compelled Plaintiff to become engaged in litigation to enforce the Policy and obtain the benefits which she should have received without requiring a lawsuit.

20. Frankenmuth did not attempt to in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, even after liability became reasonably clear.

21. To date, Frankenmuth has not paid Plaintiff's claims in full.

22. Frankenmuth failed to properly investigate and adjust Plaintiff's losses, instead relying on the biased investigation and reporting by Donan Engineering, designed to intentionally minimize the damages and attributed the cause to areas outside of Frankenmuth's coverage.

23. Frakenmuth's conduct described above was willful and wanton and done heedlessly and recklessly without regard to the consequences of Plaintiff. Frankenmuth's misrepresentations regarding the policy's coverages was done intentionally or with reckless disregard to the actual language and coverages afforded by Frankenmuth's own policies. To the extent Frankenmuth disputes the interpretations, as the drafter all policy provisions subject to multiple interpretations should be interpreted against Frankenmuth, and in favor of Plaintiff and coverage.

24. Frankenmuth knew or should have known that its actions as described above were unreasonable, in bad faith, and in violation of the Policy of Insurance. Frankenmuth acted unreasonably and with knowledge of or reckless disregard to its unreasonableness, and caused damages which result from its bad faith. Moreover, all policy conditions and prerequisites have either been met by Plaintiff or waived by Defendant, or otherwise excused due to Defendant's prior breach of the policy of insurance. Defendant has in no way been prejudiced by any action of Plaintiff.

## V.
## **FIRST CLAIM FOR RELIEF**
### (Breach of Contract)

25. Plaintiff incorporates by reference all allegations contained in the paragraphs above as if fully set forth herein.

26. As set forth above, Plaintiff and Frankenmuth entered into a valid, binding and enforceable contract for insurance which covered the losses alleged herein.

27. Frankenmuth's underpayment and denial of benefits constituted a wrongful failure to pay Plaintiff, its insureds, for the covered loss under the Policy and constituted a breach of the insurance contract.

28. Plaintiff fully complied with all the provisions of the contract, including without limitation paying premiums in a timely fashion and complying with all provisions governing claims and loss.

29. Frankenmuth's underpayment and denial of Plaintiff's claim constitutes a breach of the insurance contract and is a breach of Plaintiff's reasonable expectations concerning the coverage it would receive under the Policy.

30. Frankenmuth's refusal to properly adjust the loss constitutes a breach of the insurance contract and is a breach of Plaintiff's reasonable expectations concerning the coverage it would receive under the Policy.

31. Frankenmuth's failure to conduct a proper investigation constitutes a breach of the insurance contract.

32. Frankenmuth's failure to pay covered policy benefits constitutes a breach of the insurance contract.

33. By failing to honor the promises made to Plaintiff in the insurance policy, Frankenmuth has breached its contract with Plaintiff.

34. Frankenmuth's breach of the insurance contract was and is the direct cause of damage to Plaintiff, including, without limitation: (1) loss of Policy benefits owed to indemnify Plaintiff for the entire loss; (2) costs to repair, restore, and/or replace the significant damage to Plaintiff's Properties, and future costs to remediate such damage; (3) incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or (4) other expenses incurred as a result of Frankenmuth's breach of its contractual obligations, including costs and fees.

35. As a result of Frankenmuth's breach of contract and refusal to honor the terms of the Policy, Plaintiff has suffered and continues to suffer damages.  Therefore, Plaintiff is entitled to judgment in its favor and against Frankenmuth, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, and consequential damages in accordance with the applicable law.

**VI.**
**SECOND CLAIM FOR RELIEF**
**(Bad Faith Breach of Insurance Contract)**

36. Plaintiff incorporates by reference all allegations contained in the paragraphs above as if fully set forth herein.

37. Under Alabama law, Frankenmuth had a duty to act reasonably and in good faith in the handling of Plaintiff's claim and in the payment of Plaintiff's insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claim submitted by

Plaintiff and in determining the amounts due and owing under the Policy in question, and the pay all amounts due and owing.

38. Frankenmuth overlooked material facts and a more thorough investigation would have produced relevant information. Moreover, Frankenmuth relied on an insufficient, biased, and improper inspection and investigation by Donan Engineering, which reasonable diligence would have indicated was not a thorough assessment of Plaintiff's damages.

39. Frankenmuth should have known that its conduct was unreasonable and/or Travelers recklessly disregarded the fact that its conduct was unreasonable. Frankenmuth intentionally denied and refused to pay Plaintiff's claim without any reasonably legitimate or arguable reason for that denial. Frankenmuth had knowledge of the absence of any legitimate or arguable reason, or otherwise recklessly denied the claim without attempting to determine a legitimate or arguable reason.

40. Frankenmuth breached its duty to act reasonably and duty of good faith and fair dealing by, *inter* alia, (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this matter; (2) failing to consider all information relevant to the claim; (3) failing to offer to pay Plaintiff an amount which it otherwise concluded to be a fair and reasonable amount for its losses; (4) favoring its interests to the exclusion of Plaintiff; (5) failing to effectuate prompt, fair and equitable resolution of Plaintiff's claim after liability had become clear; (6) compelling Plaintiff to institute litigation to recover amounts due; (7) otherwise unreasonably and improperly handling Plaintiff's claim; and (8) misrepresenting material aspects of the policy and the available coverage.

41.     Plaintiff is entitled to judgment in its favor and against Frankenmuth, on its Second Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, consequential damages, and punitive and exemplary damages, including up to three times actual damages accordance with the applicable law.

WHEREFORE, Plaintiff, Fant's, Inc. prays as follow:

1.     On Plaintiff's First Claim for Relief, for judgment in its favor and against Defendant, Frankenmuth, for all unpaid covered benefits due under the Policy;

2.     On Plaintiff's Second Claim for Relief, for judgment in its favor and against Defendant, Frankenmuth, for all unpaid covered benefits due under the Policy;

3.     Costs, fees, and expenses incurred in prosecuting Plaintiff's claims against Frankenmuth.

5.     Other damages resulting from Frankenmuth's bad faith including out-of-pocket expenses, costs of ongoing and exacerbated damages resulting from Frankenmuth's bad faith refusal to pay the full loss and damages to Plaintiff's Properties, as well as punitive or exemplary damages;

6.     Pre- and post-judgment interest; and

7.     For such other and further relief as this Court may deem just, equitable, and proper.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN**

Respectfully submitted this 31st day of October 2017.

                                      *s/* Robert E. Rawlinson
                                      Robert E. Rawlinson
                                      Bar No.: ASB-1798-B50R

                                      *s/* Robert C. Gammons
                                      Robert C. Gammons
                                      Bar No.: ASB-5768-S56R

                                      Attorneys for Plaintiff

OF COUNSEL:
HARRISON, GAMMONS & RAWLINSON, P.C.
2430 L & N Drive
Huntsville, AL 35801
Tel: (256) 533-7711
Fax: (256) 382-3580
E-mails: rob@hgrpc.com; bob@hgrpc.com


**Service by certified mail-return receipt:**

Frankenmuth Mutual Insurance Company
c/o C T Corporation System, Registered Agent
2 North Jackson Street, Suite 605
Montgomery, AL 36104